# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SAVOKINAS, | |
| Plaintiff, | CIVIL ACTION NO. 3:07-CV-2311 |
| v. | (JUDGE CAPUTO) |
| BOROUGH OF AVOCA, and EDWARD LUKOWICH, in his own Individual Capacity, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Defendant Borough of Avoca's motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 12.)

Defendant's motion will be granted in part and denied in part.  Plaintiff's claims for Pennsylvania remedies for federal constitutional violations in Counts I and II will be dismissed because Pennsylvania remedies are not applicable.  The motion to dismiss with respect to Counts I and II will be denied because the Plaintiff has sufficiently alleged federal municipal liability of Defendant Borough of Avoca.  The motion to dismiss with respect to Counts III and IV will be granted to the extent that Plaintiff seeks monetary damages against Defendant Borough of Avoca in these Counts because Avoca is immune from damages under the Political Subdivision Tort Claims Act.  The motion to dismiss with respect to Counts III and IV will be denied to the extent that Plaintiff seeks equitable relief in these Counts because Plaintiff has sufficiently alleged municipal liability under state law.  The motion to dismiss with respect to Count V will be denied because Plaintiff has sufficiently alleged the elements of a cause of action for failure to train.

Finally, Plaintiff's claims for punitive damages against Defendant Avoca in Counts I, II, and V will be dismissed because, under 42 U.S.C. § 1983, punitive damages may not be recovered from municipalities.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367 ("federal question and supplemental jurisdiction").

## BACKGROUND

The facts as alleged in Plaintiff's Amended Complaint are as follows.

Plaintiff, Michael Savokinas, a resident of Luzerne County, was previously employed as a Police Officer for Defendant Borough of Avoca ("Avoca"), a Commonwealth municipality. (Am. Compl., Doc. 3. ¶¶ 1-2.)  Defendant Avoca also employed Defendant Edward Lukowich as Chief of Police. (*Id.* ¶ 3.)  In December 2005, Plaintiff told Defendant Avoca that Defendant Lukowich was involved in corrupt, illegal conduct as Police Chief of Avoca. (*Id.* ¶ 6.)  Plaintiff alleges that Defendant Avoca refused to exercise its power to act upon this information, after which Lukowich began to harass Plaintiff and make knowingly false accusations against him. (*Id.* ¶¶ 8-10, 12, 30.)

In fabricating the accusations, Defendant Lukowich attempted to intimidate citizens into making false criminal accusations against Plaintiff. (*Id.* ¶ 18.)  Plaintiff alleges that this conduct was revenge by Defendant Lukowich in response to Plaintiff "blowing the whistle" on his corrupt activity. (*Id.* ¶ 12.)  In January 2006, as a result of Defendant Avoca's inaction and Lukowich's fabricated charges, Plaintiff was allegedly forced to resign from the Avoca Police Department. (*Id.* ¶ 11.)  Prior to Defendant Lukowich's false

statements, Plaintiff had a reputation for honesty, and the statements accusing him of illegal drug trafficking caused him to lose his reputation and employment and to be subjected to ridicule, hatred, and emotional anguish.  (*Id.* ¶¶ 26, 32-34.)  Plaintiff alleges that Defendant Avoca failed to train its employees to not retaliate against other employees for exercising their freedom of speech.  (*Id.* ¶ 39.)

On December 26, 2007, Plaintiff filed a Complaint.  (Doc. 1.)  On January 1, 2008, Plaintiff filed an Amended Complaint.  (Doc. 3.)  On January 30, 2008, Defendant Avoca filed the present motion to dismiss the Amended Complaint.  (Doc. 12.)  This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1960, 167 L.Ed.2d 929 (2007), meaning, enough factual allegations "to raise a reasonable expectation that discovery will reveal evidence of" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. Ct. App. 2008); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. Ct. App. 1993) (requiring complaint to set forth information from which each element of a claim may be inferred).  In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "give the defendant fair notice of what

the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. V. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. Ct. App. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus.. Inc.*, 998 F.2d 1192, 1196 (3d Cir. Ct. Ap. 1993), *cert. denied*, 510 U.S. 1042 (1994). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id*. The court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. Ct. App. 1998), nor credit a complaints "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. Ct. App. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See  Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id*. The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. Inc., v. United States*, 220 F.3d 169, 178 (3d Cir. Ct. App. 2000).

## DISCUSSION

**I. Pennsylvania Remedies for Federal Law Claims**

In Plaintiff's Amended Complaint, Counts I and II, alleging First Amendment retaliation and abuse of official power, are raised under 42 U.S.C. § 1983. (Am. Compl. ¶¶ 15, 19, Doc. 3.) These are federal law claims; however, Plaintiff seeks remedies under Pennsylvania law. Because these are federal claims, Pennsylvania remedies are not applicable.

**II. Federal Claims**

    **A. Municipal Liability**

Plaintiff alleges that in December 2005 he exposed Defendant Lukowich's corrupt and illegal activities as the Chief of Police of Avoca to Defendant Avoca. (Am. Compl. ¶ 1, Doc. 3.) He alleges that, as a result of Defendant Avoca's inaction, he and his family were harassed by Lukowich, and that Lukowich, using his official power, pressured citizens into making false, criminal allegations against Plaintiff. (Id. ¶¶ 21-22.) Plaintiff brings claims of First Amendment retaliation, abuse of official power, and failure to train under 42 U.S.C. § 1983, providing that "[e]very person who, under color of state law, subjects any citizen of the United States to the deprivation of any federal right shall be liable to the party injured." 42 U.S.C. § 1983.

Defendant Avoca argues that it cannot be held liable for the actions of Defendant Lukowich, citing state law regarding *respondeat superior* liability. (Br. in Supp., Doc. 19, at 3-4.) However, under Section 1983, liability cannot be established under the doctrine

of *respondeat superior*, as such, Defendant's argument is inapposite. *See McGreevy v. Stroup*, 413 F.3d 359, 367 (3d Cir. 2005) (citing *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Instead, in Section 1983 actions, there are three (3) instances in which municipalities are liable for the actions of their employees. *See id.* First, a municipality is liable when its employee acts pursuant to formal government policy or standard operating procedure. *See id.* (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)). Second, municipality is liable for the actions of an employee when the employee has policy making authority. *See id.* (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986)). Finally, a municipality is liable for the actions of its employee when it has ratified the unconstitutional actions of the subordinate. *See id.* (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)).

Plaintiff argues that Defendant Avoca is liable under the second and third of these instances of liability. (Br. in Opp'n, Doc. 23, at 3-5.) Regarding the third theory of liability, acquiescence, "[a]llegations are sufficient to survive a motion to dismiss when they name the individuals responsible, the conduct, the time, and the place of the incident that deprived a plaintiff of his civil rights." *Shingara v. Waugh*, Civ. A. No. 1:07-CV1252, 2008 WL 1730540, at *3 (M.D. Pa. April 10, 2008) (Connor, J.) (citing *Kirk v. Roan*, Civ. A. No. 04-1990, 2006 WL 2645154, at *3 (M.D. Pa. Sept. 14, 2006) (Rambo, J.) (quoting *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005))). Under this standard, and *Twombly* and its progeny, which "requir[e] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible," Plaintiff fails to sufficiently allege Defendant Avoca's acquiescence. *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007).

Plaintiff alleges that Defendant Lukowich engaged in unconstitutional actions directed against Plaintiff, and that by not acting on the information Plaintiff provided to it, Defendant Avoca acquiesced to Lukowich's conduct. (Am. Compl. ¶ 9, Doc. 3.) Plaintiff sufficiently alleges the individuals involved, the Borough Council; the time, December of 2005; and the place, the meeting of the Borough Council of Avoca. (*Id*. ¶¶ 6-7.) Plaintiff fails, however, to sufficiently allege the conduct. It is unclear whether Plaintiff alleges that Defendant Avoca acquiesced to Defendant Lukowich's alleged unconstitutional actions about which Plaintiff initially complained, or to the later allegedly retaliatory conduct of Lukowich. As such, this is a situation that requires the *Twombly* "flexible plausibility standard." Therefore, because further amplification is needed, Plaintiff has failed to stated a claim against Defendant Avoca under the third instance of liability listed above.

However, Plaintiff's allegations do satisfy the second theory of municipal liability discussed above: action by a policymaker. "Policy is made when a [decision maker] possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Nudleman v. Borough of Dickson City Police Dep't*, Civ. A. No. 3:05cv1362, 2007 WL 3275259, at *3 (M.D. Pa. Nov. 6, 2007) (Munley, J.) (citing *Berg v. County of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000)). In *Nudleman*, the plaintiff, a former police officer, argued that decisions made by the Chief of Police led to his arrest and were, thus, policy. *See id.* at *4. "A particular decision, like the decision to fire an employee, can give rise to municipal liability under Section 1983." *Id.* at *3. Here, Plaintiff alleges that Defendant Lukowich retaliated against him for exercising his First Amendment right to free speech (Count I); fabricated charges and engaged in other actions that shock the conscience in violation of the substantive component of the Due

Process Clause of the Fourteenth Amendment (Count II); that due to these actions and decisions of Defendant Lukowich, Plaintiff was forced to resign from his position; and that as Chief of Police, Defendant Lukowich made policy.  (Am. Compl. ¶ 11, Doc. 3.)  While his employment was not terminated, Plaintiff has made sufficient allegations that Defendant Lukowich was a decision maker and that his actions, which led to Plaintiff's resignation, constituted policy.  (*Id*. ¶ 3.)   Therefore, Plaintiff has stated a claim of municipal liability against Defendant Avoca regarding the claims in Counts I and II.  As such, Avoca's motion to dismiss these Counts on the grounds of insufficient allegations of municipal liability will be denied.

**B. Failure to Train**

Plaintiff alleges that Defendant Avoca intentionally and with deliberate indifference to Plaintiff's constitutional rights failed to train its employees not to retaliate against other employees for exercising their right to free speech.  (Am. Compl., Doc. 3 ¶¶ 39-40.)  Plaintiff alleges that this failure to train caused him harm when Defendant Lukowich harassed him and made false charges against him.  (*Id*. ¶ 41.)

In order to prevail in an action for failure to train, a plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."  *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997).  This custom must be "so widespread as to have the force of law."  *Id*. at 404.  To survive a motion to dismiss, the plaintiff must further "allege that a 'policy or custom' of [the defendants] was the 'moving force' behind the [constitutional] violation."  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 107 (3d Cir. 2002) (citing *Brown*, 520 U.S. at 404).  Third Circuit Court of Appeals has held that there is no requirement at the pleading stage for Plaintiff to identify a specific policy to

survive a motion to dismiss, because such a requirement would be "unduly harsh" at this early juncture. *Carter v. City of Philadelphia*, 191 F.3d 339, 358 (3d Cir. 1999).

Further, a municipality can be held liable on the basis of failure to train only when "that failure amounts to 'deliberate indifference . . . [of the constitutional] rights of persons. . . .'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 324 (3d Cir. 2005) (citations omitted). For a failure to train to amount to deliberate indifference, "it must be shown that (1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Carter*, 191 F.3d at 357. This third prong, stated another way, requires a causal nexus, in that the "identified deficiency in [the] training program must be closely related to the ultimate [constitutional] injury." *Woloszyn*, 396 F.3d at 325 (citations omitted).

The cases cited above were decided before the United States Supreme Court's decisions in *Twombly* and *Erickson*. Subsequent to those decisions, cases within this district have continued to accept allegations very similar to Plaintiff's as sufficient to survive a motion to dismiss, although they have done so without analyzing the impact of *Twombly*. For instance, in *Village of Throop v. Viola*, the plaintiff alleged that Defendant Throop failed to train its officers not to provide due process before firing an employee and not to retaliate against employees who invoke their constitutional rights. Civ. A. No. 3:06-CV-1930, 2007 WL 2234589, at *1, 4 (M.D. Pa. Aug. 2, 2007) (Munley, J.). The plaintiff also alleged that Defendant Throop failed to have needed policies in place to prevent this behavior and that the "Defendant . . . was deliberately indifferent to [the officer's] rights

9

and intentionally failed to train its employees adequately as referenced above as well as failed to have policies in place prohibiting the conduct in question," thus causing Plaintiff's injuries. *Id*. The *Throop* court held that these allegations were sufficient to allege a claim for failure to train. *Id.* Also, in *Angelella v. Pittston Township*, No. 3:06-CV-0120, 2007 WL 2688724, at * 5-6 (M.D. Pa. Sept. 11, 2007) (Caputo, J.), this Court denied a motion to dismiss a failure-to-train claim where complaint's allegations were "virtually identical" to those in *Throop*. The entirety of the allegations regarding the failure-to-train claim in *Angelella* were that the Township "failed to train its employees and agents not to retaliate against employees who petition the government for redress," did so intentionally and with deliberate indifference Angelella's rights, and that this failure caused the plaintiff to be harmed. (Am. Compl., Doc. 39 in Civil Action No. 3:06-CV-0120.)

As noted above, however, these cases did not analyze the effect of *Twombly*, the impact of which was not immediately clear. To satisfy the *Twombly* standard, Plaintiff's allegations must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1959 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957))). The Third Circuit Court of Appeals has recently stated that this means complaint must contain "'enough factual matter (taken as true) to suggest' the required element;" in other words, "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1965). Furthermore, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1974.

In this case, Plaintiff's allegations regarding the failure-to-train claim, although

10

minimal and approaching the level of specificity of "a formulaic recitation of the elements of a cause of action," go slightly beyond this threshold in order to give Defendant Avoca fair notice of what the claim is and of the grounds on which it rests: First, the Amended Complaint gives Defendant Avoca fair notice of the constitutional injury Plaintiff allegedly suffered: harassment and false accusations by Defendant Savokinas, undertaken in retaliation for Plaintiff's exercise of free speech.  (Am. Compl., Doc. 3 ¶¶ 6-15.)  Second, the Amended Complaint sufficiently alleges that a policy of Avoca was the moving force behind this violation.  (*Id*. ¶ 41.)

Third, the allegations identify that policy as Avoca's failure to train its employees to not retaliate against other employees who exercise their free speech rights and failure to have policies in place prohibiting conduct such as Lukowich's.  (*Id.* ¶¶ 39-40.)  To be sure, this allegation is not particularly specific.  For instance, it can be contrasted with the slightly more specific allegation of failure to train that the court in *Machesky v. Hawfield* held sufficient to satisfy *Twombly* and its progeny.  *See* No. 07-9, 2008 WL 614819, at *7-8 (W.D. Pa. Mar. 4, 2008).  There, the alleged failure to train was articulated with reference to the allegedly violative actions ( failure to train law enforcement officials on how to handle a job reference request) *id.* at *7, rather than, as here, with reference to the constitutional right violated (failure to train not to retaliate against employees for their protected speech).  Nonetheless, even after *Twombly*, courts within this Circuit have not required plaintiffs to allege the specifics of challenged municipal policies and have continued to emphasize the necessity of discovery to reveal these specifics.  *E.g., Martinez v. Warner*, No. 07-3213, 2008 WL 2331957, at 12-13 & n.13 (E.D. Pa. June 5, 2008).  As such, *Carter*'s conclusion that such a requirement would be "unduly harsh" at

this early juncture, *see* 191 F.3d at 358, has not been recognized as abrogated by *Twombly*.

And fourth, Plaintiff's Amended Complaint gives Avoca notice of the grounds for the last essential element of the failure-to-train claim: deliberate indifference on the part of Avoca.  As noted above, a failure to train amounts to deliberate indifference only if, "(1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Carter*, 191 F.3d at 357.  The third factor here is met because a wrong choice concerning an opportunity to retaliate against another employee for exercise of his protected right to free speech will certainly "cause deprivation of constitutional rights."  And regarding the first two (2) factors, Plaintiff has alleged, in the context of his retaliation claim, that "Defendants allowed Lukowich to engage in a continuing course of conduct in which Savokinas and his family were harassed." (Am. Compl., Doc. 3 ¶ 14.)  Essentially, Plaintiff alleges that the Borough knew that its employee Lukowich, who had recently been the subject of a complaint made to the Borough by Savokinas, was confronting a situation in which he had the opportunity to harass Savokinas and was mishandling that situation; in other words, Plaintiff essentially alleges that Avoca, in allowing Lukowich to continue harassing Plaintiff under these circumstances, was on notice of the need to implement certain training or other policies and the failure to do so amounted to deliberate indifference.

For these reasons, the Amended Complaint sufficiently alleges a cause of action against Avoca for failure to train.  Accepting the facts in the Amended Complaint as true,

Plaintiff could, after discovery, prevail on this claim by enunciating the specific policies and demonstrating how they violated his rights. Therefore, Defendant Avoca's motion to dismiss Count V of the Amended Complaint will be denied.

### C. Punitive Damages

Counts I, II and V of Plaintiff's Amended Complaint allege violations of federal law under 42 U.S.C. § 1983. Punitive damages are not available against municipalities in Section 1983 claims. *See Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981). Therefore, Counts I, II, and V will be dismissed to the extent that they seek punitive damages against Defendant Avoca.

## III. State Law Claims

### A. Municipal Liability

Count IV of the Amended Complaint alleges the intentional tort of defamation against Defendants Avoca and Lukowich based on the false accusations made against Plaintiff by Defendant Lukowich. (Am. Compl. ¶ 25, Doc. 3.) Defendant alleges that the Amended Complaint does not sufficiently state a claim of municipal liability. (Br. in Supp., Doc. 19, at 3-4.) Municipal liability of Defendant Avoca can arise under a negligence theory or a vicarious liability theory. In order for vicarious liability to apply, the employee must have committed the intentional tort within the scope of his employment. *See McFerron v. L.R. Costanzo Co., Inc.*, Civ. A. No. 3:02CV1989, 2003 WL 22740938, at *5 (M.D. Pa. Sep. 10, 2003) (Munley, J.). "The conduct of an employee is considered 'within the scope of employment' for purposes of vicarious liability if: (1) it is of a kind and

13

nature that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is actuated, at least in part, by a purpose to serve the employer; and (4) if force is intentionally used by the employee against another, the use of force is not unexpected by the employer." *Id*. (citing *Costa v. Roxborough Memorial Hosp.*, 708 A.2d 490, 493 (Pa. Super. Ct. 1998)).  In order to establish vicarious liability, all four elements must be present.

Generally, the question of whether an employee acted within the scope of his employment is a matter for a jury to decide.  *See Fitzgerald v. McCutcheon*, 410 A.2d 1270, 1271 (Pa. Super. Ct. 1979) (citing *Orr v. William J. Burns Int'l Detective Agency*, 12 A.2d 25, 27 (1940)). However, when an "employee commits an act encompassing the use of force which is excessive and so dangerous as to be totally without responsibility or reason, the employer is not responsible as a matter of law." *Id*.  In the present case, Plaintiff alleges that while harassing him and intimidating other citizens, Defendant Lukowich was wielding his official power as Chief of Police of Avoca.  (Am. Compl., Doc. 3 ¶ 17.)  He alleges that Lukowich acted in his official capacity as Chief of Police and that Defendant Avoca acquiesced to the conduct.  (*Id*. ¶¶ 8-9, 17.)  Plaintiff has not alleged behavior which is so dangerous or excessive as to warrant dismissing the claim as a matter of law.  Upon discovery, Plaintiff could provide evidence that demonstrates the vicarious liability of Defendant Avoca.  Viewing the facts in the light most favorable to Plaintiff, he has sufficiently stated a claim for the vicarious liability of Avoca.

Liability for the actions of an employee can also exist through employer negligence.  In determining whether this liability exists, Pennsylvania courts have adopted

the Restatement (Second) of Torts § 317.  *See id*. (citing *Costa*, 708 A.2d at 495-96).

> A master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if: (1) the servant is: upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or is using a chattel of the master; and (2) the master knows or has reason to know that he has the ability to control his servant, and knows or should have reason to know of the necessity and opportunity for exercising such control.

*Id*. (quoting RESTATEMENT (SECOND) OF TORTS § 317).  "An employer may subject himself to liability under this Section 'by retaining in his employment servants who, to his knowledge, are in the habit of misconducting themselves in a manner dangerous to others.'"  *Costa*, 708 A.2d at 496 (quoting RESTATEMENT (SECOND) OF TORTS § 317 cmt. c).

In the present case, Plaintiff has alleged that Defendant Avoca allowed Defendant Lukowich "to have free reign over the Borough of Avoca," allowing him to harass Plaintiff. (Am. Compl., Doc. 3 ¶ 10.)  Because Defendant Avoca is a municipality, this sufficiently alleges that the actions took place on the employer's premises.  Plaintiff has alleged that Defendant Avoca had the ability to control Defendant Lukowich's actions and chose not to exercise this power.  (*Id*. ¶ 22.)  Plaintiff further alleges that because he told Defendant Avoca about Lukowich's corrupt activities and it did nothing about the problem, it should have known of the necessity to control Lukowich.  (*Id*. ¶ 8.)  Therefore, Plaintiff has alleged facts sufficient to state a claim of liability through negligence of Defendant Avoca for the intentional torts of Defendant Lukowich.

**B. Political Subdivision Tort Claims Act**

Plaintiff's Amended Complaint raises two (2) state law claims in Counts III and IV: negligent supervision and defamation.  (Am. Compl., Doc. 3  ¶¶ 21, 24.)  Defendant Avoca argues that it is immune from state law claims under the Political Subdivision Tort Claims Act ("PSTCA"), 42 PA. CONS. STAT. § 8541, and that these claims should be dismissed.  (Br. in Supp., Doc. 19, at 5.)  The PSTCA provides that "[n]o local agency shall be held liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."  42 PA. CONS. STAT. ANN. § 8541.  A local agency is "a government unit other than the Commonwealth government."  42 PA. CONS. STAT. ANN. § 8501.  The Borough of Avoca is a local agency.

Plaintiff has argued that there is a willful misconduct exception to PSTCA immunity.  (Br. in Opp'n, Doc. 23, at 6-7.)  It is true that a public official does not receive immunity when his action "constituted a crime, actual fraud, actual malice or willful misconduct."  42 PA. CONS. STAT. ANN. § 8550.  However, even if an employee engages in willful misconduct, thus losing individual immunity, local agencies are not liable for their employees' willful misconduct.  *See DeBellis v. Kulp*, 166 F. Supp. 2d 255, 278 (E.D. Pa. 2001).  Therefore, the willful misconduct exception does not apply to Defendant Avoca.

The PSTCA only includes eight (8) exceptions to local agency immunity: vehicle liability; care, custody, or control of personal property; real property; trees, traffic controls, and street lighting; utility service facilities; streets; sidewalks; and care, custody, or control of animals.  42 PA. CONS. STAT. ANN. § 8542(b).  The present state claims do not fit into

any of these exceptions to local agency immunity.  However, "[t]he immunity conferred by the tort claims act extends only to suits seeking monetary relief; it does not apply to suits that seek equitable relief."  *Disalvio v. Lower Merion High Sch. Dist.*, 158 F. Supp. 2d 553, 564 (E.D. Pa. Nov. 26, 2007) (citing *Centennial Sch. Dist. v. Independence Blue Cross*, 885 F.Supp 683, 689 (E.D. Pa. 1994)).  Plaintiff's Amended Complaint seeks both equitable relief and damages in Counts III and IV.  Therefore, Plaintiff's state law claims, Counts III and IV, will be dismissed to the extent that they seek monetary relief against Defendant Avoca, but Defendant's motion will be denied to the extent that Plaintiff seeks equitable relief.

## CONCLUSION

For the reasons stated above, the Court will grant in part and deny in part Defendant's motion to dismiss.

An appropriate Order follows.


June 27, 2008                           /s/ A. Richard Caputo
Date                                    A. Richard Caputo
                                        United States District Judge

17

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL SAVOKINAS,

    Plaintiff

    v.

BOROUGH OF AVOCA, and EDWARD LUKOWICH, in his own Individual Capacity,

    Defendants.

NO. 3:07-CV-2311

(JUDGE CAPUTO)

## ORDER

**NOW**, this 27th day of June, 2008, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss (Doc. 12) is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) Defendant's motion is **GRANTED** with respect to Counts I, II, and V to the extent that these Counts seek punitive damages against Defendant Avoca. Defendant's motion to dismiss these Counts is otherwise **DENIED**.

(2) Defendant's motion is **GRANTED** with respect to Counts III and IV to the extent that these Counts seek monetary relief against Defendant Avoca. Defendant's motion to dismiss these counts is **DENIED** to the extent that they seek equitable relief.

(3) Plaintiff's claims for Pennsylvania remedies for federal constitutional violations in Counts I and II are **DISMISSED**.

                                                   /s/ A. Richard Caputo
                                                 A. Richard Caputo
                                                 United States District Judge